IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOHNNY C. WALKER | § | |
| v. | § | CIVIL ACTION NO. 9:09cv198 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Johnny Walker, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Walker was convicted of the disciplinary offense of using a cell phone within TDCJ, based on a telephone call which he made to his wife on the TDCJ telephone calling system. In this call, Walker says that his wife "freaked out" the last time he talked to her because he was on a cell phone. She tells him to be quiet, reminding him that the call is being recorded, but he says that "it's their problem, you know, that's why they got phones in here now." He also tells her that "someone got sixty years for a cell phone. Sixty years." She replies that she does not want to talk about that, and he agrees.

Based on this conversation, Walker was convicted of using a cell phone in prison, despite his stated defense that the conversation did not have any specific time frame and so it was only an "assumption" that he was referring to a cell phone conversation he had while in prison. The hearing

1

officer said that the way that Walker made the statements and the way his wife responded made it obvious that he was referring to a cell phone conversation which he had while in prison.

In his federal habeas petition, Walker said that there was no evidence to support the charge that he had a cell phone and that he was guilty of violating a rule of which he had no notice, which was a "rule" that it was prohibited to talk about cell phone conversations. The Magistrate Judge ordered an answer from the Respondent, who said that Walker's claim that he was found guilty of violating an unknown rule was procedurally defaulted and that all of his claims lacked merit.

After review of the pleadings and the state records, the Magistrate Judge issued a Report on June 27, 2010. In this Report, the Magistrate Judge concluded that Walker's claim regarding the rule was procedurally defaulted because he did not raise it at both steps of the grievance procedure, and that there was sufficient evidence to support the finding of guilt because the recorded conversation between Walker and his wife makes clear that he had used a cell phone to call her from the prison. The Magistrate Judge thus recommended that Walker's petition be dismissed with prejudice and that Walker be denied a certificate of appealability *sua sponte*.

Walker filed objections to the Magistrate Judge's Report on July 14, 2010. In his objections, Walker says first that there has been no authentication that the recorded call is actually a conversation between Walker and his wife that took place on the date alleged. The call is part of the state court records, authenticated via affidavit. This objection is without merit.

Second, Walker suggests that the cell phone conversation to which he was referring in the recorded conversation actually took place before he entered prison, and that it is a "leap in inference" to assume that the cell phone conversation happened in prison. He says that his remarks about someone getting sixty years for possession of a cell phone was just "teasing" and again says that the cell phone conversation took place prior to his incarceration.

As the Magistrate Judge observes, however, Walker entered prison five and a half years prior to the recorded conversation taking place. This court has listened to the a recording of the call, which is clear and without pauses or gaps. Walker states: "the last time I talked to you, you freaked

out on me." His wife asked "what did I freak out about?" Walker replied: "because I was on the cell phone."

This court agrees with the Magistrate Judge's conclusion that Walker was not talking about a cell phone conversation which he had five and a half years earlier. Instead, as the Magistrate Judge concluded, it is obvious from Walker's remarks and the responses from his wife that he is talking about a recent conversation in which he had called her from prison on a cell phone, and she "freaked out." Walker's objection on this point is without merit.

The Magistrate Judge also correctly determined that Walker's claim about a rule violation was procedurally defaulted. Walker argues that he filed Step One and Step Two grievances, but that he simply failed to provide "continuity of his claims from Step One to Step Two," in that his claim regarding a rule violation was raised for the first time in his Step Two grievance. While Walker says that "continuity of claims" is not required, the Magistrate Judge provided Fifth Circuit case law saying that the grievance procedure must be properly exhausted and that claims could not be raised for the first time in a Step Two grievance. Randle v. Woods, 299 Fed.Appx. 466, 2008 WL 4933754 (5th Cir., November 19, 2008), *citing* Woodford v. Ngo, 548 U.S. 81, 92-93 (2006) (exhaustion requirement mandates "proper exhaustion") *and* Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004) (discussing TDCJ grievance procedure). Walker's objection on this point is without merit.

The Magistrate Judge also determined that Walker's claim of lack of notice lacked merit on its face, because Walker had notice that possession of a cell phone was prohibited within the prison. To the extent that Walker claimed that he was punished for violating a "rule" prohibiting talking about a previous conversation on a cell phone, no such rule exists, nor was he punished for violating any such rule. Instead, the record shows that Walker was punished for possession of a cell phone in a penal institution and that the conversation which he had with his wife makes clear that he had possessed a cell phone and had called her on it. Walker's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, including the Petitioner's application for habeas corpus relief, the answer filed by the Respondent,

3

the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 9) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Johnny Walker is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **1** day of **November, 2010.**

_____
Ron Clark, United States District Judge